### LONDON v. DOKTOR.

(Supreme Court, Appellate Term. May 27, 1909.)

MASTER AND SERVANT (§ 80*)—ACTION FOR WAGES—EVIDENCE.

A judgment for plaintiff is not sustained by her uncorroborated and improbable testimony that she was employed for a certain time, as against the testimony of defendant, his wife, and his superintendent that she was employed by the week on condition of her services proving satisfactory, and that her discharge was because of her failure to perform her duties.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Seabury, J. dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Belle London against Benjamin Doktor. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Herman J. Rubenstein, for appellant.
Maurice Meyer, for respondent.

DAYTON, J. Plaintiff sued for breach of contract of hiring until March 1, 1909, having been discharged January 19, 1909. Hers was the only testimony offered in her behalf. The defendant, his wife, and superintendent all testified that her employment was by the week, and conditioned upon her services proving satisfactory, and that her discharge was caused by her failure to meet the requirements of her duties. There were no circumstances tending to corroborate plaintiff's inherently improbable testimony, but she had judgment for the full amount claimed. As there was a failure to establish her cause of action by a preponderance of evidence, there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs.

SEABURY, J. (dissenting). The court below was the lawfully constituted judge of the weight of the evidence. Having the witnesses

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

before it when they gave their testimony, it was in a much better position to judge of the credibility of the witnesses than are the justices of this court, who have only the written record before them. The mere fact that these interested witnesses contradicted the plaintiff is no ground for the reversal of this judgment.

The judgment should be affirmed, with costs.